**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
*Electronically Filed*

| | |
|---|---|
| ALEETA POWE, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     vs. | )    **CASE NO. 3:24-cv-00220-RGJ** |
| | ) |
| UNIVERSITY OF LOUISVILLE | ) |
| | ) |
|     **Defendant.** | ) |
| | ) |

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.    NATURE OF THE CASE

1. This is an action brought by Plaintiff Aleeta Powe ("Powe"), by counsel, against Defendant, University of Louisville ("Defendant"), for violating Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et. seq.* and the Kentucky Civil Rights Act ("KCRA").

### II.    PARTIES

2. Powe, at all relevant times to this litigation, resided within Jefferson County, Kentucky, within the geographical boundaries of the Western District of Kentucky.

3. Defendant maintains offices and routinely conducts business within the geographic boundaries of the Western District of Kentucky.

4. The events that form the basis of this Complaint occurred in Jefferson County, Kentucky, within the geographical boundaries of the Western District of Kentucky.

### III.     JURISDICTION AND VENUE

5.     Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; 29 U.S.C. §626 and 42 U.S.C. § 2000e-5(f)(3).

6.     Jurisdiction is conferred on Powe's state law claims pursuant to 29 U.S.C. § 1367 because her state law claims arise from the same common nucleus of operative facts as her federal law claims and all of his claims form a single case and controversy under Article III of the United States Constitution.

7.     Defendant has eight (8) or more employees with the State of Kentucky in each of twenty (20) or more calendar weeks in the current or proceeding calendar year and, as such, an "employer" as that term is defined by KRS344.030(2) and 42 U.S.C. §2000e(b).

8.     At all times relevant to this action, Powe was an "employee," as that term is defined by KRS344.030(5) and 42 U.S.C. §2000e(f).

9.     Powe satisfied her obligation to exhaust her administrative remedies, having timely filed a Charge of Discrimination (Charge No. 474-2023-00934) ("Charge")(attached hereto as "Exhibit A") with the U.S. Equal Employment Opportunity Commission ("EEOC") against the Defendant alleging discrimination based on her sex and race and retaliation for engaging in a protected activity. Powe filed her EEOC Charge on September 20, 2023. Powe's Charge describes multiple discriminatory incidents, indicating ongoing harassment, with the most recent discriminatory event occurring on November 28, 2022 (within 300 days of the date on which Powe filed her Charge).[1] Powe received the required Notice of her Right to Sue on January 11, 2024, and timely files this action.

---

[1] *See* U.S. Equal Employment Opportunity Commission, *Time Limits for Filing a Charge: Ongoing Harassment*, WWW.EEOC.GOV, https://www.eeoc.gov/time-limits-filing-charge (last visited May 1, 2024), providing, "In

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, the venue is proper in this Court.

## IV.     FACTUAL ALLEGATIONS

9. Powe, a Black female, began working for Defendant on or around August 8, 2005, as an Assistant Professor in the Chemistry Department. The Defendant has an Instructional or Term Faculty and Research Faculty. Powe is considered a "Term" Faculty Member.

10. At all relevant times, Powe met or exceeded Defendant's legitimate performance expectations.

11. In or around Late August 2022, faculty members voted Powe in as the Chemistry Department Chair, and the Interim Dean appointed her to the position. After her appointment as Department Chair, Professor Richard Baldwin ("Baldwin"), a Caucasian Male individual, searched the A&S College's by-laws for a way to have Powe's new appointment revoked.

12. Within the by-laws, Baldwin found that "Term" Faculty were not eligible to vote on Department personnel matters. Baldwin's position was a pretext for racial discrimination as it reflected policies that were not adhered to within the department in the previous (8) years nor across the entire University.

13. In or around September 2022, Baldwin succeeded in obtaining a revote and found a way to remove the faculty members who originally voted for Powe, namely "Term" faculty members. Baldwin won the revote and took over as Department Chair.

---

harassment cases, you must file your charge within 180 or 300 days of the last incident of harassment, although we will look at all incidents of harassment when investigating your charge, even if the earlier incidents happened more than 180/300 days earlier."

3

14. In or around October 2022, Baldwin told Powe that he intentionally searched for ways to prevent her from serving as Department Chair, stating that Powe could not "be the face of the Department to the Nation." Baldwin referred to Powe as a diversity hire, and he stated that the Dean appointed her to Department Chair only because she is a Black individual.

15. On or around November 3, 2022, Baldwin resigned as the Department Chair, and Powe held a vote to be considered for the position. Baldwin rallied against Powe and fought to prevent her from being nominated.

16. On or around November 28, 2022, Powe was informed that she did not receive the Chair position and that she was considered "unacceptable" to take the position.

17. On or around January 1, 2023, Dr. Richard Wittebort ("Wittebort"), a Caucasian Male individual, was elected as Department Chair and remains as such.

18. In or around February 2023, Powe filed a grievance with Defendant demanding (1) Baldwin be relieved of his faculty and leadership positions with no recognition as emeritus faculty; (2) an official reprimand with public acknowledgment of Baldwin's wrongdoing; leadership training from the Dean; and for Powe to be appointed as Department Chair. The matter was given to a grievance committee to review and present a finding for the Dean to implement.

19. In or around August 2023, the grievance committee recommended against removing Baldwin as a faculty member and agreed with reprimanding Baldwin for his statements, providing training opportunities to improve the department's culture, and strongly agreed that Powe be appointed as Department Chair.

20. In or around November 2023, Dean Dayna R. Touron reviewed Powe's grievance and failed/refused to implement any of the grievance committee's recommendations, which specifically includedappointing Powe to Department Chair.

21. On or around December 6, 2023, Powe was notified that a former student, Ava Spellman ("Spellman") filed a complaint against her.

22. During the hearing process, Powe discovered that Baldwin encouraged Spellman to file a grievance against Powe. In the three years that Powe and Baldwin have worked together on the Chemistry Departmental Student Complaint Committee, Baldwin has never encouraged a student to file a grievance against another faculty member.

## V. CAUSES OF ACTION

### COUNT I: TITLE VII & KCRA - RACE DISCRIMINATION

23. Powe hereby incorporates paragraphs one (1) through twenty-two (22) of her Complaint as if the same were set forth at length herein.

24. Powe is a Black individual, and is therefore a member of a protected class under Title VII and the KCRA.

25. Powe's 17 years of experience as a Chemistry faculty member qualified her for the Chemistry Department Chair position. Based on Department practice for the eight (8) preceding years, Powe was eligible for the position as a Term Faculty Member.

26. Powe's appointment to the Department Chair position was revoked based on pretextual reasons that were presented by an individual whose stated intent for pursuing the revocation was based on Powe's race and/or sex.

27. The individuals subsequently appointed to the Department Chair position were both white males, and therefore outside of Powe's protected class.

25. Defendant has discriminated against and subjected Powe to disparate treatment due to her race by upholding the revocation of Powe's appointment to Department Chair and appointing two white males to the position in her stead.

26. Defendant's actions were intentional, willful, and taken in reckless disregard of Powe's rights as protected by Title VII and the KCRA.

27. Powe has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: TITLE VII & KCRA- SEX DISCRIMINATION

28. Powe hereby incorporates paragraphs one (1) through twenty-seven (27) of her Complaint as if the same were set forth at length herein.

29. Powe identifies as a Female, and is therefore a member of a protected class under Title VII and the KCRA.

30. Powe's 17 years of experience as a Chemistry faculty member qualified her for the Chemistry Department Chair position. Based on Department practice for the eight (8) preceding years, Powe was eligible for the position as a Term Faculty Member.

31. Powe's appointment to the Department Chair position was revoked based on pretextual reasons that were presented by an individual whose stated intent for pursuing the revocation was based on Powe's race and/or sex.

32. The individuals subsequently appointed to the Department Chair position were both white males, and therefore outside of Powe's protected class.

33. Defendant has discriminated against and subjected Powe to disparate treatment due to her sex by upholding the revocation of Powe's appointment to Department Chair and appointing two white males to the position in her stead.

34. Defendant's actions were intentional, willful, and taken in reckless disregard of Powe's rights as protected by Title VII and the KCRA.

35. Powe has suffered damages as a result of Defendant's unlawful actions.

## COUNT III: TITLE VII & KCRA- RETALIATION

36. Powe hereby incorporates paragraphs one (1) through thirty-five (35) of her Complaint as if the same were set forth at length herein.

34. Powe filed a grievance against Defendant alleging gender and race discrimination. This grievance was known to the Defendant.

35. Defendant retaliated against Powe by failing to implement the findings of the grievance panel.

36. Defendant's actions were intentional, willful, and taken in reckless disregard of Powe's rights as protected by Title VII and the KCRA.

37. Powe has suffered damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Aleeta Powe, respectfully requests that this court enter judgment in her favor and award her the following relief:

1. Award Plaintiff all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

2. Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

3. Award Plaintiff compensatory damages for violations of Title VII and the KCRA;

4. Award Plaintiff punitive damages for violations of the Title VII and the KCRA;

5. Award Plaintiff all costs and attorney's fees incurred as a result of bringing this action;

6. Award Plaintiff pre- and post-judgment interest on all sums recoverable; and

7. Award Plaintiff all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Elizabeth Gatten*
Elizabeth Gatten
Andrew Dutkanych
101 N. Seventh Street
Louisville, KY 40202
Telephone: (502) 561-3484
Facsimile: (812)424-1005
Email: egatten@bdlegal.com
Email: ad@bdlegal.com

*Counsel for Plaintiff, Aleeta Powe*

## DEMAND FOR JURY TRIAL

Plaintiff, Aleeta Powe, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Elizabeth Gatten*
Elizabeth Gatten
Andrew Dutkanych
101 N. Seventh Street
Louisville, KY 40202
Telephone: (502) 561-3484
Facsimile: (812)424-1005
Email: egatten@bdlegal.com
Email: ad@bdlegal.com
*Counsel for Plaintiff, Aleeta Powe*