UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ALEETA POWE                                                                                                    Plaintiff

v.                                                                                    Civil Action No. 3:24-cv-220-RGJ

UNIVERSITY OF LOUISVILLE                                                                                Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Plaintiff Aleeta Powe ("Powe") moves to file a Second Amended Complaint. [DE 13]. Defendant University of Louisville ("Louisville") responded [DE 17], and Powe replied [DE 19]. Powe also requested a temporary stay of the motion to dismiss response deadline pending a ruling on Powe's Motion for Leave to File a Second Amended Complaint. [DE 14]. Louisville responded. [DE 18]. Prior to Powe's motion to file a second amended complaint, Louisville filed both a Motion to Dismiss [DE 5] and a Motion to Dismiss the Amended Complaint [DE 10]. These matters are ripe. For the reasons below, Powe's Motion for Leave to File a Second Amended Complaint [DE 13] is **GRANTED**; Powe's Motion to Stay Motion to Dismiss Response Deadline [DE 14] and Louisville's Motions to Dismiss [DE 5; DE 10] are **DENIED as moot**.

**I.        BACKGROUND**

In August 2005, Powe began working for Louisville as an assistant professor in the Chemistry Department. [DE 13 at 93]. Powe is considered a "Term" faculty member and is the only Black faculty member in the Chemistry Department. [*Id*.]. Powe claims that at all relevant times, she met or exceeded Louisville's legitimate performance expectations. [*Id*.].

"In 2015, the Chemistry Department revised its personnel policies to provide Term Faculty with full voting rights, including the right to participate in elections for Department Chair," which

1

were subsequently adopted by the Dean of the College of Arts and Sciences ("A&S"). [*Id.*]. Prior to this revision, the Chemistry Department did not permit term faculty members to vote or participate in elections. [*Id*].

Although unclear in the Second Amended Complaint, the process of selecting a Chemistry Department Chair seems to be three-fold. [*See* DE 17 at 126]. First, a candidate is nominated. [*Id.*]. Second, the faculty votes as to a whether a potential department chair candidate is "acceptable." [*See id.*]. If deemed acceptable by faculty vote, the candidate is presented to the Dean for appointment. [*Id.*]. In August 2022, Powe was elected as Chemistry Department Chair by faculty members, and the Interim Dean appointed her to the position. [*Id.*].

Powe alleges that after her appointment, Professor Richard Baldwin ("Baldwin") searched the A&S bylaws "for a way to have Powe's new appointment revoked." [*Id.*]. In doing so, Baldwin's found an A&S policy that prohibited Term Faculty from voting on Department personnel matters, which was contradictory with the 2015 Chemistry Department personnel policy. [*Id.* at 94]. And in September 2022, "Baldwin succeeded in obtaining a revote" excluding the Term Faculty members who originally voted Powe as Chemistry Department Chair, by relying on the A&S policy. [*Id.*]. As a result of the revote, Powe lost her appointment, and "Baldwin received a nomination, won a vote of approval as 'acceptable' by the eligible faculty members, and the Interim Dean appointed him as Chemistry Department Chair." [DE 17 at 126].

In October 2022, Powe claims that Baldwin told her that "he intentionally searched for ways to prevent her from serving a department chair" because Powe could not "be the face of the Department to the nation." [DE 13 at 93] (internal quotations omitted). Powe alleges that Baldwin referred to her as a "diversity hire" as "the Dean only appointed her to Department Chair because she is Black." [*Id.*].

On November 3, 2022, Baldwin resigned as the Department Chair and Powe sought to be considered for the position again. [*Id.*]. Accordingly, "Powe nominated herself to be considered for the faculty vote of acceptability." [DE 17 at 126]. Powe asserts that in response to her nomination Baldwin "rallied against [her] and fought to prevent her from being nominated," because "her face would not attract graduate students or research faculty." [DE 13 at 95]. Powe alleges that Baldwin "advised the rest of the faculty that the Dean at the time was big on diversity, and said 'you know who he'll pick if her name is on the slate,'" and that "[t]hese sentiments were reinforced by at least two other faculty members." [*Id.*].

On November 28, 2022, Powe was told that she did not receive the Chair position because she was considered "unacceptable." [*Id.*]. And on January 1, 2023, Dr. Richard Wittebort, who is white, was appointed as Department Chair. [*Id.*].

In February 2023, Powe "filed a grievance with [Louisville] demanding (1) Baldwin be relieved of his faculty and leadership positions without recognition as emeritus faculty; (2) an official reprimand with public acknowledgment of Baldwin's wrongdoing; (3) leadership training from the Dean; and (4) for Powe to be appointed as Department Chair." [*Id.*]. "The matter was given to a grievance committee to review and present a finding for the Dean to implement." [*Id.*]. In August 2023, the Louisville grievance committee decided against removing Baldwin as a faculty member. [*Id.*]. However, the Louisville grievance committee agreed that Baldwin should be reprimanded for his statements, training opportunities should be provided to improve the department's culture, and Powe should be appointed as Department Chair. [*Id.*].

On September 20, 2023, Powe filed an Equal Employment Opportunity Commission ("EEOC") charge of discrimination against Louisville. [*Id.*]. After, in November 2023, the Dean of the A&S College "reviewed Powe's grievance and failed/refused to implement the grievance

committee's recommendations, which specifically included appointing Powe to Department Chair." [*Id*. at 96].

On January 11, 2024, Powe states that she received her EEOC right to sue letter, and filed this action. [DE 13 at 92]. Originally, Powe filed her Complaint in Jefferson Circuit Court, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Kentucky Civil Rights Act ("KCRA"), sex discrimination in violation of Title VII and the KCRA, and retaliation in violation of Title VII and the KCRA. [DE 1]. Louisville removed this matter, and then moved to dismiss Powe's Complaint [DE 5]. Instead of responding, Powe filed a first amended complaint [DE 9], and Louisville again moved to dismiss. [DE 10].

In March 2024, Powe "was notified that she was being reassigned to teach Chemistry in Society, a lower-level elective class, rather than the [i]ntroductory [c]hemistry course for chemistry majors, engineering students, and pre-medical students that Powe had taught since 2011." [*Id*.].

Powe now moves for leave to file a second amended complaint. [DE 13]. Powe's Second Amended Complaint removed both sex discrimination claims and her retaliation claim under Title VII. [DE 13 at 87]. Powe now pleads that Louisville violated Title VII and the KCRA when "Powe's appointment to the Department Chair position was revoked based on pretextual reasons that were presented by an individual whose stated intent for pursuing the revocation was based on Powe's race." [DE 13 at 97]. Additionally, Powe contends that Louisville also violated the KCRA for retaliating against her for filing an EEOC complaint against Louisville when they demoted her to teach a lower-level class. [*Id*.].

Louisville responded, arguing that Powe's Second Amended Complaint "does not overcome the reasons justifying dismissal set forth in Louisville's Motion to Dismiss the original

4

complaint" because she failed to exhaust administrative remedies prior to filing, and her complaint failed to state a cognizable claim for race discrimination. [DE 17 at 123-24]. Powe replied, asserting she "sufficiently exhausted her administrative remedies prior to filing this lawsuit," and "sufficiently pleads all of the claims contained therein." [DE 19 at 141].

## II.  DISCUSSION

### A. Motion for Leave to File Second Amended Complaint [DE 13]

####   i.   Standard

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Ordinarily, a court should "freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis,* 371 U.S. 178, 182 (1962). Whether or not to allow an amended pleading under Rule 15(a) is committed to the Court's discretion. *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551 (6th Cir. 2008). The Sixth Circuit has explained that Rule 15 reflects a "liberal amendment policy." *Brown v. Chapman*, 814 F.3d 436, 442–43 (6th Cir. 2016) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of the pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). "Thus, so long as the opposing party suffers no prejudice or disadvantage, the court should grant amendments to the complaint." *Stepp v. Alibaba.com, Inc.*, No. 3:16-CV-00389-CRS, 2016 WL 5844097, at *1 (W.D. Ky. Oct. 4, 2016) (citing *Cooper v. Am. Emp. Ins.*, 296 F.2d 303, 306 (6th Cir. 1961)).

"[A] motion to amend may be denied where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility

of amendment, etc." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (internal quotations marks, emphasis & citation omitted). "A proposed amendment is futile if [it] could not withstand a Rule 12(b)(6) motion to dismiss." *Id.* at 512 (quotation and citation omitted).

    ii.    <u>Analysis</u>

        a.    *Exhaustion of Administrative Remedies*

Louisville argues that Powe's Second Amended Complaint should be denied because it "continues to suffer from the fatal flaw in its failure to exhaust administrative remedies through a timely EEOC Charge." [DE 17 at 130]. Louisville asserts ". . . it is beyond dispute that 300 days before Powe's September 20, 2023, EEOC Charge was November 24, 2022" and "Powe's claim accrued when her appointment as Department chair was revoked in September 2022." [*Id*. at 131].

"Before bringing a Title VII claim in federal court, a plaintiff must timely file a charge of discrimination with the EEOC." *Syed v. N. Ky. Water Dist.*, No. 08-197-DLB, 2010 U.S. Dist. LEXIS 27278, at *4 (E.D. Ky. Mar. 23, 2010) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973)). "A plaintiff must bring a charge with the EEOC within three hundred days of the alleged discrimination, when pursuing a charge of discrimination through a state agency." *Graves v. City of Memphis*, No. 2:06-CV-2130-DA, 2008 U.S. Dist. LEXIS 129956, at *15 (W.D. Tenn. Sep. 25, 2008) (citing 42 U.S.C. § 2000e-5(e)(1)). However, the Supreme Court held that the 300-day limitation for filing a charge with the EEOC is subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

The Sixth Circuit has found an equitable exception to the 300-day limitation, when unlawful behavior is deemed ongoing. *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 829 (6th Cir. 2000) (finding that the 300-day time period for filing a charge with the EEOC may be subject

6

to equitable tolling under the continuing violations doctrine where at least one alleged event falls within the 300-day period). Under the continuing violation doctrine, a statute of limitations period may be extended when "(1) there is some evidence of present prohibited activity giving rise to a claim of a continuing violation and at least one of the forbidden acts occurs within the relevant limitations period; or (2) there is a longstanding and demonstrable policy of forbidden activity." *Ohio Midland, Inc. v. Ohio Dep't of Transp.*, 286 F. App'x 905, 912 (6th Cir. 2008) (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 857 (6th Cir. 2003)) (internal quotations omitted). The doctrine is about "a cumulative violation rather than a continuing violation" because it "does not apply to a series of discrete acts, each of which is independently actionable, even if those acts form an overall pattern of wrongdoing." *Sta-Rite Indus., LLC v. Franklin Elec. Co.*, 519 F. App'x 370, 381 (6th Cir. 2013) (quoting *Kovacs v. United States,* 614 F.3d 666, 676 (7th Cir. 2010)) (internal quotations omitted). "Discrete discriminatory acts include things such as termination, failure to promote, denial of transfer, or refusal to hire." *Dozier v. Douglas Autotech Corp.*, No. 5:19-CV-82-TBR-LLK, 2020 U.S. Dist. LEXIS 39331, at *10 (W.D. Ky. Mar. 6, 2020) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)) (internal quotations omitted). And each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice, each which starts a new clock for filing a charge. *Morgan*, 536 U.S. at 114, 122-23.

Powe's Second Amended Complaint alleges three discrete actions of discrimination in this case: (1) Louisville racially discriminated against Powe by revoking her appointment to Department Chair, (2) Louisville retaliated when it failed to implement the findings of the grievance committee, and (3) Louisville retaliated when it demoted Powe to teach a lower-level class. [DE 13-1 at 97-98]. However, only one of these acts is subject to the 300-day limitation,

because two of her claims are retaliation claims which occurred after the filing of the EEOC charge. *See Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998) (finding retaliation claims are exempt from this filing requirement when they arise after the filling of the EEOC charge).

> Powe states:
>
> When Powe submitted her Charge of Discrimination ("Charge") with the EEOC on September 20, 2023, the theory of the case was one of ongoing harassment/hostile work environment. Under the theory, the filing deadlines would relate to the last discriminatory act to have occurred. As long as the last discriminatory act occurred within 300 days of the filing ate, the Charge was timely. Here, the last discriminatory act occurred on November 28, 2022, which means Powe had until September 24, 2023 (300 days later) to file her Charge for any acts related to the November 28, 2022 harassment. All of the events raised in Powe's Charge relate to Defendant's support for Baldwin's racially motivated vendetta against Powe serving as Department Chair.

[DE 19 at 146] (internal emphasis omitted). Therefore, the Court must determine whether Louisville telling Powe that she was voted "unacceptable" to fill the position of Department Chair is a continuation of the original revocation of the position or an independent discrete action.[1]

To demonstrate a failure to promote adverse employment action, a plaintiff must prove: "(1) [s]he is a member of a protected class; (2) [s]he applied and was qualified for a promotion; (3) [s]he was considered for and denied the promotion; and (4) other employees of similar qualifications who were not members of the protected class received promotions." *Dunbar v. Evolent Health, Inc.*, Civil Action No. 3:22-CV-304-CHB, 2023 U.S. Dist. LEXIS 34818, at *9 (W.D. Ky. 2023) (citing *Johnson v. Box USA Grp., Inc.*, 208 F. Supp. 2d 737, 740 (W.D. Ky. 2002)) (internal quotations omitted). As discussed above, a discrete action is an action "which is

---

[1] Powe asserts that the theory of the case "was one of ongoing harassment/hostile work environment," and therefore, the filing deadline would relate to the last discriminatory act. [DE 19 at 145]. But Powe quickly undermines her own theory, when only one paragraph later she states "[a]lthough Powe did not ultimately proceed with her hostile work environment claim, the facts of her case meet the elements require for a hostile work environment claim and therefore her Charge should be considered timely." [*Id*. at 145-46].

8

independently actionable, even if those acts form an overall pattern of wrongdoing." *Sta-Rite Indus., LLC v. Franklin Elec. Co.*, 519 F. App'x 370, 381 (6th Cir. 2013) (internal quotations and citations omitted). However, the continuing violation doctrine does not apply to "failure to promote" claims. *El-Zabet v. Nissan N. Am.*, 211 Fed. App'x 460 (6th Cir. 2006). In other words, each instance of failure to promote is a discrete act not subject to the continuing violations doctrine. *See id*. Accordingly, each incident of Powe failing to be selected for the Department Chair is a discrete act of "failure to promote" because she failed to become Department Chair twice. [DE 13]. The first time that Powe failed to become Department Chair occurred on September 28, 2022, when the Chemistry Department has a revote and appointed Baldwin to the position instead. [*Id*. at 94]. The second discrete act of racial discrimination occurred on November 28, 2022, when Powe was nominated again for Department Chair but was deemed "unacceptable." [*Id*. at 95]. Importantly, Powe only specifically pled the September 28, 2022, discrete act. [See DE 13 at 97].

Because the only racial discrimination alleged under Count I in the Second Amended Complaint occurred when Powe's position was revoked on September 28, 2022, the EEOC charge must be filed within 300-days from this date. Powe did not file an EEOC charge until September 20, 2023, which is 357 days after the alleged discriminatory action of Powe's revocation of her Department Chair. Thus, Powe did not timely file a charge of discrimination with the EEOC against Louisville. Accordingly, Powe's race discrimination claims would not withstand a Rule 12(b)(6) motion to dismiss. However, the retaliation claims still stands, and accordingly the Court must still determine whether the retaliation claims would survive a Rule 12(b)(6) motion.

        b.     *Failure to State a Cognizable Claim*

Powe's retaliation claim is two-fold: (1) Louisville retaliated for failing to implement the findings of the grievance committee, and (2) Louisville retaliated by demoting Powe to teach a

9

lower-level class. [DE 13-1 at 98]. Louisville argues that "Powe's Second Amended Complaint similarly fails to allege facts sufficient to state a plausible claim for relief for both race discrimination and retaliation claims." [DE 17 at 131]. Specifically, Louisville argues that Powe's Second Amended complaint fails to allege an adverse employment action sufficient to state a retaliation claim and as a result, Powe's motion should be denied as futile. [*Id.* at 133].

As discussed above, a motion to amend is futile if the amendment could not withstand a Rule 12(b)(6) motion. *Riverview Health*, 601 F.3d at 512. Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To properly state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

*Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

Generally, Title VII prohibits discriminating against an employee because that employee has engaged in conduct protected by Title VII, which includes filing EEOC complaints. *Kinney v. McDonough,* No. 21-1414, 2022 U.S. App. LEXIS 2635, at *19 (6th Cir. Jan. 26, 2022) (quoting *Laster v. City of Kalamazoo*, 746 F.3d 714, 729–30 (6th Cir. 2014)). To state a Title VII retaliation claim, a plaintiff must sufficiently plead that "(1) he acted in a manner protected by Title VII; (2) the defendant knew of this exercise of protected activity, (3) the defendant subsequently took an adverse action against him; and (4) the adverse action had a causal connection to a protected activity." *Morris v. Oldham Cnty. Fiscal Ct.*, 201 F.3d 784, 792 (6th Cir. 2000). And a complaint does not need to establish a prima facie case of retaliation or contain detailed factual allegations in order to survive a motion to dismiss. *See id*.

Here, Louisville argues that "the failure of a College Dean to acquiesce all of a grievance panels' recommendations is not tantamount to retaliation against the grievant for filing the grievance in the first place." [DE 17 at 133]. But when deciding whether a claim would survive a Rule 12(b)(6) motion, the court must make all reasonable inferences in favor of the non-moving party. *See Total Benefits Plan.,* 552 F.3d at 434. And it is reasonable for the Court to infer that Louisville's failure to implement the grievance panel's findings rise to the level of retaliation.

Louisville also argues that Powe's course reassignment does not constitute an adverse employment action, and even if it did, there is no causal connection. [DE 17 at 134]. To find an adverse employment action, there must have been a materially adverse change in the terms and

11

conditions of [a plaintiff'] employment. *White v. Burlington N. & Santa Fe Ry. Co.*, 364 F.3d 789, 795 (6th Cir. 2004) (en banc). "Reassignments without salary or work-hour changes do not ordinarily constitute adverse employment decisions." *Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 885 (6th Cir. 1996). But "even if a reassignment is not paired with a salary or work-hour change, it can nonetheless be considered an adverse employment action where there is evidence that the employee received a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Spees v. James Marine, Inc.*, 617 F.3d 380, 391 (6th Cir. 2010) (quoting *Kocsis*, 97 F.3d at 886).

Neither party disputes that Powe was reassigned to teaching a lower-level course, only whether this action amounts to retaliation. *See White*, 364 F.3d at 71 (finding that a jury might reasonably conclude that reassignment to a less prestigious job qualifies as a materially adverse action even if "the former and present duties fall within the same job description."). However, at this stage of the proceeding, the court must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *See Total Benefits Plan.,* 552 F.3d at 434. And it can be reasonably inferred that Powe's reassignment could result in "a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *See Spees*, 617 F.3d at 391.

Furthermore, Louisville's causal connection argument is not persuasive. A plaintiff fails to meet the causation requirement if the complaint does not allege any facts to support a causal link between her claimed protected activities and her [adverse employment actions]. *Allen v. Michigan Dep't of Corr.*, 165 F.3d 405, 413 (6th Cir. 1999)). Yet, at this stage of the proceeding

Powe does not need to prove a sufficient causal connection to prevail on a Rule 12(b)(6) motion. *See Keys*, 684 F.3d at 609–10. Rather, Powe must only allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Powe clearly alleges in the complaint that she engaged in a protected activity when she filed a grievance against Louisville alleging gender and race discrimination, and a "Charge of Discrimination with the EEOC against [Louisville], alleging gender and race discrimination." [DE 13-1 at 97]. And Powe plainly claims that Louisville knew that she engaged in a protected activity, and therefore Louisville retaliated against Powe by failing to implement the findings of the grievance panel and demoting her to teach a lower-level class. [*Id.*]. Accordingly, the Second Amended Complaint provides sufficient facts to state a plausible claim on which relief can be granted, making Powe's Second Amended Complaint not futile. Therefore, Powe's Motion for Leave to File a Second Amended Complaint is **GRANTED**.

### B. Powe's Motion to Stay Motion to Dismiss Response Deadline [DE 14]

On filing her second amended complaint, Powe filed a Motion to Stay Motion to Dismiss Response Deadline [DE 14] and requested "a temporary stay as to the deadlines related to the Motion to Dismiss Amended Complaint until the Court is able to rule on [Powe]'s Motion for Leave to File her Second Amended Complaint . . . in an effort to avoid unnecessary motion practice and conserve the Court's time/resources." Because the Court has granted Powe's Motion for Leave to File a Second Amended Complaint, Powe's Motion to Stay Motion to Dismiss Response Deadline [DE 14] is now **DENIED as moot.**

### C. Louisville's Motions to Dismiss [DE 5; DE 10]

Prior to Powe's motion to file a Second Amended Complaint, Louisville filed two Motions to Dismiss. [DE 5; DE 10]. Amended complaints superseded the original pleadings and render

pending motions to dismiss moot. *See Am. Guarantee & Liab. Ins. Co. v. CTA Acoustics, Inc.*, No. CIV.A. 05-80-KKC, 2008 WL 1924229 at*2 (E.D. Ky. Apr. 29, 2008) (stating that "...because the amended complaint supersedes all previous complaints and becomes the only operative pleading, it renders moot any pending motions to dismiss the original complaint."). Thus, Louisville's Motions to Dismiss [DE 5; DE 10] are **DENIED as moot.**

### III.  CONCLUSION

Accordingly, the Court, having considered the parties' motions and related filings and being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Powe's Motion for Leave to File Second Amended Complaint [DE 13] is **GRANTED**;

(2) Powe's Motion to Stay Motion to Dismiss Response Deadline [DE 14] is **DENIED as moot**;

(3) Louisville's Motions to Dismiss [DE 5; DE 10] are **DENIED as moot**.