UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| ALEETA POWE, | : |
|           Plaintiff, | : |
| v | : Civil Action No.: 3:24-cv-220-RGJ |
| UNIVERSITY OF LOUISVILLE | : |
|           Defendant. | : |

## REPORT OF RULE 26(f) PLANNING MEETING

Plaintiff, Aleeta Powe ("Plaintiff"), and Defendant, University of Louisville ("Defendant"), by counsel, for their Joint Report of Parties' Rule 26(f) Planning Meeting, state as follows:

1. **Appearances.** Pursuant to Fed. R. Civ. P. 26(f), the parties conferred regarding a proposed discovery plan on January 13, 2024, and the participants were:

   a. Elizabeth Gatten for Plaintiff.

   b. Paige Hornback for Defendant.

2. **Brief Description of Facts and Issues.**

   a. **Plaintiff's Statement of the Case**

   Plaintiff has been working for Defendant as an Assistant Professor in the Chemistry Department since August of 2005. In August of 2022, Plaintiff was elected to serve as the Chemistry Department Chair. Her appointment to the Chair position was subsequently revoked due to a colleague seeking out a technicality to invalidate the election. Said colleague made racist and/or sexist statements about Plaintiff, indicating that she was only elected because she is a Black woman. Nonetheless, Defendant upheld the decision to remove Plaintiff from the Chair position.

Both individuals appointed to the Department Chair position after Plaintiff's removal were white males. After filing a Charge of Discrimination with the EEOC and initiating this lawsuit, Defendant demoted Plaintiff to teach a lower-level course for non-science majors.

Plaintiff initially filed her Complaint against Defendant on March 1, 2024 in Jefferson Circuit Court. Defendant filed its Notice of Removal on April 3, 2024. Defendant filed a Motion to Dismiss on April 10, 2024, to which Plaintiff responded by filing her First Amended Complaint. Defendant responded with an additional Motion to Dismiss on May 22, 2024. Plaintiff filed her Motion for Leave to File Second Amended Complaint on June 20, 2024, which was granted by the Court on November 15, 2024. Plaintiff's Complaint alleges Defendant discriminated against her on the basis of her race and retaliated against her for engaging in protected activity, in violation of the Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act (KCRA).

### b. Defendant's Statement of the Case

This is an alleged discrimination and retaliation action brought by Plaintiff against her employer, the University of Louisville. In August 2022, faculty members in the University's Chemistry Department voted to recommend Powe as the Department Chair, and the Interim Dean then appointed Powe to that administrative role. However, it was determined that the applicable by-laws rendered term faculty members ineligible to vote on personnel matters within their departments. In the prior vote to recommend Powe to the Interim Dean as an "acceptable" Department Chair, both term and tenure/tenure-track faculty members had participated in the vote. Because the first vote had been conducted in violation of the by-laws by allowing both term and tenure/tenure-track faculty to vote, a re-vote was held. Powe was not nominated by anyone (not even by herself) to participate as a candidate in the re-vote.

In November 2022, the Department Chair position became available again, and Powe nominated herself to be considered for the position. The eligible faculty members voted Powe "unacceptable" for recommendation to the role of Department Chair, and a different professor was voted to serve in that administrative role. None of the decisions or actions taken by the University with respect to Powe's employment was because of her race or dany protected activity.

3. **Initial Disclosures.** The parties will exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by **February 20, 2025**.

4. **Discovery Plan.** The parties jointly propose to the Court the following discovery plan:

    a. Discovery will be needed on these subjects:

        i. Plaintiff's allegations as alleged in the Complaint.

        ii. Defendant's denials and affirmative defenses to Plaintiff's allegations; and

        iii. The extent, nature, severity, and amount of Plaintiff's damages, if any, and Plaintiff's efforts to mitigate her damages.

    b. All pretrial discovery, including expert witness discovery, shall be completed by **November 14, 2025.**

    c. Reports from retained experts under Fed. R. Civ. P. 26(a)(2) are due:

        i. From Plaintiff by **August 15, 2025.**

        ii. From Defendant by **September 12, 2025.**

    d. The parties may stipulate to a confidentiality agreement to protect certain confidential information that may be disclosed during the course of discovery in this matter.

    e. To the extent any claims, defenses, or issues in this case involve electronically stored information ("ESI"), the parties agree to meet and confer regarding any such ESI, including with regard to search terms, custodians, and the format for production of ESI,

      if necessary. The parties confirm that issues or disputes related to ESI will be addressed in accordance with Local Rule 37.1.

5. Other Items and Deadlines:

   a. The parties shall have until **March 3, 2025**, to join additional parties and amend the pleadings.

   b. The deadline to file dispositive motions shall be **January 13, 2026.**

   c. The parties will need to conduct discovery before settlement negotiations can take place and will notify the Court if a settlement conference is desired.

6. Jury Trial:

   a. The parties believe the case should be ready for trial **60 to 90 days** following the resolution of any dispositive motions and *Daubert* motions, and anticipate that the trial should last **three to four (3-4) days**.

   b. The parties state that this matter will be ready for a final pretrial conference with the Court **thirty (30)** days before trial.

   c. The parties propose that the final date for submission of Fed. R. Civ. P. 26(a)(3) witness lists, designation of witnesses whose testimony will be presented by deposition, and exhibit lists be filed no later than **fourteen (14) days** before the final pretrial conference.

   d. The parties propose that any objections filed under Fed. R. Civ. P. 26(a)(3) will be filed no later than **seven (7) days** before the final pretrial conference.

   e. The parties do not consent to this action being referred to a United States Magistrate Judge for trial, pursuant to 28 U.S.C. 636(c).

Dated this 23 day of January, 2025.

/s/ Elizabeth Gatten
Elizabeth Gatten
**BIESECKER DUTKANYCH & MACER, LLC**
101 N. Seventh St.
Louisville, KY 40204
p. (502) 561-3484
egatten@bdlegal.com

*Counsel for Plaintiff*

-and-

/s/ Paige E. Hornback (with permission)
Jeremy S. Rogers
Paige E. Hornback
DINSMORE & SHOHL LLP
101 South 5th Street, Suite 2500
Louisville, KY 40202
(502) 581-8000 (Phone)
(502) 581-8111 (Fax)
jeremy.rogers@dinsmore.com
paige.hornback@dinsmore.com

*Counsel for Defendant University of Louisville*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Elizabeth Gatten*
Elizabeth Gatten, Counsel for Plaintiff